**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**1:15-cv-152-FDW**

| | |
|---|---|
| NAPOLEON J. RANKIN-BEY, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) |
| | ) |
| | )    **ORDER** |
| | ) |
| | ) |
| OFFICER FNU CHURCH, et al., | ) |
| | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

THIS MATTER is before the Court on initial review of Plaintiff's Complaint, (Doc. No.

1), and on Plaintiff's Application to Proceed in Forma Pauperis, (Doc. No. 2).

## I.      BACKGROUND

Plaintiff, a North Carolina prisoner currently incarcerated at Avery/Mitchell Correctional

Institution, filed this action on July 21, 2015, pursuant to 42 U.S.C. § 1983, naming the

following persons as Defendants: FNU Church, FNU Peterson, FNU Burleson, and FNU

Aldridge, all identified as officers at Avery-Mitchell; and FNU Hicks, identified as a Colonel at

Avery-Mitchell.  Plaintiff alleges the following in the Complaint:

> Officer Church role the camera back to 7-15.  7:00 AM it clear show
> officer Church sat-sit on the top of the table dinner hall.  Col. Hick's on 7-6-15
> role the camera back at 12:00 lunch sit on the top of the table dinner hall.  Officer
> Peterson on 6-29-15 role the camera back and 7-7-15 sit on top of the table in
> dinner hall.  Officer Burleson role the camera back 7-5-15 it will clears how
> Officer Burleson sit on top of the table in the dinner hall.  Officer's sure have
> more respect to set on the top of the table where the inmate's eat.  That is
> disrespect and under health.  Also officer's are abuse authority.  What so

disrespect all these officer's sit on top of the table the inmates are eating breakfast or lunch or dinner. This is a everyday thing. Lt. Penland Lt. Pittman be in the dinner hall and don't say anything to the officers about set on top of the table while inmate's are eating. Supt. MikeBall what going here at Avery-Mitchell CI will not address the matter. They all stick together here.

(Doc. No. 1 at 3-4) (grammatical errors in original).

## II.    STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.    DISCUSSION

Plaintiff's Complaint will be dismissed for failure to state a claim, as Plaintiff's

allegations simply do not give rise to a claim for a violation of any of Plaintiff's federal or constitutional rights.

The Court further notes that Plaintiff has now filed ten civil rights actions since June 22, 2015. Plaintiff filed some of these actions initially in the Eastern District of North Carolina, and that Court subsequently transferred the actions to this Court. Of those nine actions, at least three of them have now been dismissed for failure to state a claim. The provisions of 28 U.S.C. § 1915 are mandatory and define the degree and scope of this Court's initial review of Plaintiff's Complaint. See Crawford-El v. Britton, 523 U.S. 574, 596 (1998) (discussing the Prison Litigation Reform Act ("PLRA")). Section 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff has now reached three strikes under § 1915(g). **Plaintiff is hereby advised that, in any subsequent civil rights actions filed in this or any other district court, he must pay the full filing fee unless he can show that he is under imminent danger of serious physical injury**.[1]

IV.    CONCLUSION

For the reasons stated herein, Plaintiff's Complaint will be dismissed for failure to state a

---

[1]    Although the time for appeal has not expired in all of the actions that have already been dismissed for failure to state a claim, the Supreme Court recently held that a dismissed claim counts as a strike under the PLRA's three-strikes provision even while an appeal of that dismissal remains pending. See Coleman v. Tollefson, 135 S. Ct. 1759 (2015).

claim.

**IT IS, THEREFORE, ORDERED** that:

1.      Plaintiff's Application to Proceed in Forma Pauperis, (Doc. No. 2), is

        **GRANTED** for the limited purpose of this initial review.

2.      Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED** for failure to state a claim

        upon which relief can be granted.


_____

Frank D. Whitney
Chief United States District Judge